FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

'18 MAY 30 AM 10: 45

SO. DIST. OF GA.

# In the United States District Court for the Southern District of Georgia
## Brunswick Division

MARVIN B. SMITH, III & SHARON H. SMITH,

    Appellants,

vs.

HSBC BANK USA; HSBC Bank, USA, N.A., and HSBC BANK USA, N.A., as TRUSTEE FOR THE HOLDS OF BCAP LLC TRUST 2006-AA2,

    Appellees.

2:17-CV-156

### ORDER

Before the Court is an appeal from the United States Bankruptcy Court for the Southern District of Georgia dated December 19, 2017 Dkt. No. 1. Appellant filed a brief appealing the bankruptcy court's decision on February 26, 2018; Appellee filed a response one month afterwards. Dkt. Nos. 3, 4. The case is ripe for review.

For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

## **FACTUAL BACKGROUND**

The Smiths appeal an Order from their decade-long bankruptcy case ("the Bankruptcy Case"). In re Smith, No. 07-20244 (Bankr. S.D. Ga. Apr. 2, 2007). In that case, as in many bankruptcy proceedings, the Smiths' Property—located at 311 10th Street, Unit 8, Saint Simons Island, Georgia (the "Property")—was subject to an automatic stay. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 174. But the Smiths agreed to a modification of the automatic stay with respect the Property. Id. That Consent Order permitted the Chapter 7 Trustee to market the Property for a period of 180 days; if the Trustee was unable to locate a buyer for the property by May 5, 2009, the automatic stay would be lifted without further hearing. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 174. And were the automatic stay to be lifted, Countrywide Home Loans—servicing agent for HSBC—was permitted to proceed with state law remedies, including a foreclosure sale. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 174. HSBC did just that: accelerating the debt owed and initiating non-judicial foreclosure proceedings against the Property on May 5, 2015. Dkt. No. 3-18; In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 648, p. 7. The Property was purchased by HSBC at the foreclosure sale. Dkt. No. 3-18.

Shortly thereafter, the Smiths filed an emergency motion to stay HSBC's possession of the property, asking this Court to enforce the automatic stay. On August 9, 2017, this Court denied that motion. Smith v. HSBC Bank, USA, N.A., Case No. 2:15-cv-00070, Dkt. No. 70. Undeterred, the Smiths filed another motion, once again seeking violation of the automatic stay and enforcement of that stay—this time before the Bankruptcy court. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 728. This motion sought the same relief as had been asserted in their previous motion, and raised the same arguments to accomplish those ends.

On December 5, 2017, the Bankruptcy Court entered an order denying Appellants' Motion for Violation of the Automatic Stay. Bankr. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 740, pp. 3-4. The Court found that the motion was "barred by res judicata" because "the Smiths presented to the Bankruptcy Court the same claim they brought to the District Court." Id. The Smiths appealed that decision to this Court.

## LEGAL STANDARD

This court has jurisdiction over appeals of a final order of the United States Bankruptcy Court for the Southern District of Georgia pursuant to 28 U.S.C. § 158(a). An order granting relief from a stay is a final order within the meaning of 28 U.S.C. § 158(a). See, e.g., Old West Annuity & Life Ins. Co. v.

AO 72A
(Rev. 8/82)

Apollo Grp., 605 F.3d 856, 862 (11th Cir. 2010) ("A stay-relief order is a final order that is immediately appealable."); In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1026 (11th Cir. 1989) ("A district court order affirming or reversing the bankruptcy judge's grant or denial of relief from an automatic stay consistently has been held by the courts to be a final decision reviewable on appeal.").

The District Court functions as an appellate court in reviewing the Bankruptcy Court's determinations. 28 U.S.C. §§ 158(a), (c). As such, the Court will review the Bankruptcy Court's findings of fact under a "clearly erroneous" standard of review, and issues of law *de novo*. In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990).

## DISCUSSION

### A. Whether the Bankruptcy Court Erred in Denying Appellants' Motion for Violation of the Automatic Stay Based on Res Judicata

The Bankruptcy Court determined that the Smiths' motion was barred by res judicata. Dkt. No. 1-2, p. 2. It found that all four elements of res judicata were satisfied: (1) a final judgment on the merits, (2) made by an appropriate court, (3) the same parties or those in privity with them, and (4) the same cause of action. Dkt. No. 1-2, p. 2 (citing Ragsdale v.

Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)). This Court examines the issue of law *de novo*.

Res judicata is the principle that a final judgment on the merits bars the parties to that action from relitigating the decided-upon issue. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (2001). All four of the above elements must be satisfied for res judicata to apply. See Hart v. Yamaha-Parts Distrib., Inc., 787 F.2d 1468, 1473 (11th Cir. 1986). They are.

First, the District Court Order denying the Smiths' Motion was a final judgment on the merits. A "judgment" includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). And a judgment is "on the merits" where the decision is reached not on procedural grounds, but upon the facts of the case. Vasquez v. YII Shipping Co., 692 F.3d 1192, 1199 (11th Cir. 2012). In the District Court case, the Smiths filed a motion seeking an injunction against HSBC Bank enforcing the automatic stay. Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), Dkt. No. 69, pp. 3-4 ("The Smiths move this Honorable Court for an emergency stay of the October 20, 2016 Writ of Possession"). The District Court denied that motion on August 9, 2017, and allowed the automatic stay to be enforced. Id., Dkt. No. 70. Such a denial was a final judgment because it could properly be appealable, because it was based on factual-rather than procedural grounds-and, because the Eleventh

Circuit says it is so. In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1026 (11th Cir. 1989) ("A district court order affirming or reversing the bankruptcy judge's grant or denial of relief from an automatic stay consistently has been held by the courts to be a final decision reviewable on appeal."). While the Smiths contend that because the District Court order is under appeal, it is not final for the purposes of res judicata (Dkt. No. 5, p. 3), such an argument fails under the law. Jafree v. Wallace, 837 F.2d 1461, 1467 (11th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.").

Second, the August 9, 2017 Order was made by a court of competent jurisdiction. The District Court had jurisdiction over the Smiths' case. See Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), Dkt. No. 1-3. The Bankruptcy Court is bound by the orders of the District Court. 28 U.S.C. § 151.

The third requirement of res judicata is also satisfied. This is because the same parties were involved in both the Bankruptcy Case and the District Court case: the Smiths and HSBC. But the Smiths assert that there was a fraudulent assignment of the Security Deed—and new alleged evidence of that assignment via certified SEC documents—that would preclude any ruling as *res judicata*. Dkt. No. 5, p. 14. Specifically, the Smiths argue that their mortgage was not in the trust for which

6

HSBC serves as trustee, and that Countrywide Home Loans, Inc. was not in an agency relationship with HSBC. See Dkt. No. 3 pp. 7-13.

These are not new arguments. See Dkt. No. 2-2, p. 268-69 (the Smiths arguing, in their Motion for Violation of the Automatic stay, that their Complaint set forth evidence of "fraud upon the Court."); Dkt. No. 2-2, pp. 194-195 ("At the hearing on the Motion to Reconsider, Mrs. Smith asserted the same argument she has asserted at every turn in every court over the past three years: that the Consent Order is void, because Countrywide misrepresented itself as a secured creditor . . . . As purportedly new evidence of fraud upon the court, Mrs. Smith submitted printouts from Internet websites."). Nor is this contention correct; as the proper assignee of the Security Deed, HSBC was entitled to seek relief from the automatic stay under the Consent Order and to foreclose on the property. Moreover, Courts have repeatedly rejected the Smiths' contention that Countrywide Home Loans, Inc. and HSBC were not in an agency relationship. See In re Smith, No. 07-20244, Dkt. 206 (Bankr. S.D. Ga. 2009) (calling such an assertion "wholly without merit"); Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), Dkt. No. 70, p. 1 (finding Countrywide Home Loans, Inc. the "Servicing Agent for HSBC Bank USA"). As such,

AO 72A
(Rev. 8/82)

the Bankruptcy Court correctly found that the third element of res judicata is satisfied.

Fourth, the cause of action is the same. Determining whether a cause of action is the same depends upon whether the "case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action" to whether whether "the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Ragsdate, 193 F.2d at 1239. Both the Appellants' Motion in the District Court Case and the Motion for Violation of the Automatic Stay in the Bankruptcy Case presented the same legal claim. Before both Courts, the Smiths filed a motion seeking an injunction against HSBC Bank enforcing the automatic stay. Compare Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. 2017), Dkt. No. 69, pp. 3-4 ("The Smiths move this Honorable Court for an emergency stay of the October 20, 2016 Writ of Possession"), with In re Smith, No. 07-20244 (Bankr. S.D. Ga. Apr. 2, 2007), Dkt. Nos. 728, 729, 732, 734, 736 ("Motion for Entry of Order on Violation of the Automatic Stay and Emergency Verified Motion for Stay of Writ of Possession and Enforcement of the Automatic Stay"). Because that cause of action had already been decided by the District Court, the fourth element of res judicata is likewise satisfied.

The Smiths brought the same cause of action with the same parties in two separate courts. When this Court—which has

jurisdiction to hear their case—rendered a judgment, the Bankruptcy Court was justified in not allowing the Smiths to relitigate the issues under the doctrine of res judicata.

### B. Whether the Bankruptcy Court's Order Denying Appellants' Motion for Violation of the Automatic Stay Deprived Appellants of Due Process

The Smiths appear to argue that the Bankruptcy Court's Order denying their motion for violation of the automatic stay deprived them of due process. Dkt. No. 3, p. 13. They contend that the Bankruptcy Court ruled on the merits without considering the District Court's comment, which found that the Smiths could challenge the consent order. Dkt. No. 5, p. 15.

"The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). Due process is satisfied in which "notice [is given that is] reasonable calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afform them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

The Smiths had both notice of the proceedings involving them and an opportunity to be heard on their arguments as related to the present motion. The District Court entered an Order denying their Motion on August 9, 2017. Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. 2017), Dkt. No. 70. The

9

Court entered that Order only after careful consideration of the extensive pleadings filed. On December 5, 2017, the Bankruptcy Court entered an Order denying the Smiths' Order. In re Smith, No. 07-20244 (Bankr. S.D. Ga. 2007), Dkt. No. 740. That decision, too, was reached after the Smiths received notice and an opportunity to be heard. See Matthews v. Eldridge, 424 U.S. 319, 349 (1976) (due process is satisfied when the litigant receives notice and an opportunity to be heard). As such, the Smiths' due process rights have been fulfilled, surpassed truly.

### C. Other Arguments Raised by the Smiths on Appeal

The Smiths first argue that the Appellees' brief was untimely filed on March 27, 2018 and should therefore not be allowed. Dkt. No. 5, p. 1. They argue it was due on March 12, 2018. Dkt. No. 5, p. 1. But the Appellees' brief was timely. See Fed. R. App. P. 31 ("The appellee must serve and file a brief within 30 days after the appellant's brief is served").

The Smiths raise a host of other arguments on appeal, including in their Reply Brief, which were not presented to the Bankruptcy Court. These include the argument that since neither HSBC Bank USA nor any of the other named Appellees requested relief of stay to foreclose upon the Smiths, all of their actions were void and without effect (Dkt. No. 5, p. 14); that the pre-filing injunction does not apply to HSBC Bank, USA, N.A. because it is not the same party., predecessor, or successor to

AO 72A
(Rev. 8/82)

the entities subject the injunction (Dkt. No. 5, p. i); and assertion of standing to challenge the assignment of the deed. Dkt. No. 5, p. i. But a litigant generally may neither present a new, previously available argument for the first time either on appeal or in a reply brief. See Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355, 360 (11th Cir. 1984) ("[A]n appellate court generally will not consider a legal issue of theory unless it was presented to the trial court."); Cummings v. Cummings, 244 F. 3d 1263, 1267 n. 2 ("This court may decline to consider issues raised for the first time in a reply brief."). We do so here.

## CONCLUSION

The decision of the United States Bankruptcy Court for the Southern District of Georgia dated December 19, 2017 (Dkt. No. 1) is **AFFIRMED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 30th day of May, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA